AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 0 5 2016

MATTHEW J. DYKMAN
CLERK

| United States of America | ) |
|---|---|
| v. | ) |
| The person known as Richard Valdez with a date of birth of XX-X-1965 and a Social Security Number of XXX-XX-4045 | ) Case No. 16mj37 |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 13, 2015__ in the county of __Cibola__ in the _____ District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 842(i)(1) | possession of explosives by any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year |

This criminal complaint is based on these facts:
Please see attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Kevin Wolfe
Printed name and title

Sworn to before me and signed in my presence.

Date: 1/5/2016

City and state: Albuquerque, NM

_____
Judge's signature

Laura Fashing, U.S. Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE ARREST OF<br>**The person known as Richard Valdez with a date of birth of XX-X-1965 and a Social Security Number of XXX-XX-4045** | Case No. _____ |

## AFFIDAVIT IN SUPPORT A CRIMINAL COMPLAINT FOR THE ARREST OF RICHARD VALDEZ

I, Kevin Wolfe, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint authorizing the arrest of Richard Valdez.

2. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since March 3, 2007. In this capacity, I routinely investigate violations of federal criminal statutes, to include violations of federal firearms, narcotics and explosive laws, and has specifically investigated violations related to the unlawful possession of explosive.

3. I have investigated violations of Federal Explosive laws to include violations involving the possession of explosives as defined in Title 18 USC, Section 842(i)(1): It shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any explosive which has been shipped or transported in or affecting interstate or foreign commerce.

1

4.  I have reviewed reports, interviewed witnesses, and conferred with law enforcement agents involved, and I believe the following to be true and accurate.

5.  This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## PROBABLE CAUSE

6.  On December 14, 2015, I received information from Cibola County Sheriff's Deputy Lance Lister concerning the arrest of Richard Valdez, who was in possession of a M116A1 US Military hand grenade simulator. Deputy Lister stated that on December 13, 2015 he responded to a call for assistance from Milan Police Department to help in the traffic stop of a known suspect with active warrants.

7.  On this same date, Deputy Lister stated that due to the road conditions on Zuni Canyon Road he had the only vehicle that was able to maintain the pursuit. Deputy Lister stated that approximately 2 miles into Bonita Canyon on Forest Road 445, he spotted the suspect vehicle, a white Ford Expedition bearing New Mexico plate NAH380 parked off the road in the tree line. As Deputy Lister and his partner Deputy Adrian Romero approached the vehicle, they witnessed a male suspect flee into the tree line from the driver's seat.

8.  Deputy Lister stated that he and Deputy Romero encountered Richard Valdez lying in a small ditch near the tree line, attempting to conceal himself. Deputy Lister stated that Mr. Valdez was taken into custody without incident. Deputy Lister stated that Mr. Valdez had the keys to the White Expedition in his pockets and that upon checking the vehicle, it was locked with no one else present. Deputy Lister stated that Mr. Valdez informed him that there was a second

occupant of the vehicle who fled into the trees, and informed Deputy Lister that his name was Raul Garza.

9. Deputy Lister stated that due to some medical conditions, Mr. Valdez had to be sent to the local hospital for evaluation and a tow truck needed to be called. Deputy Lister stated that due to the road conditions, neither an ambulance nor the tow truck could make it to their location. Deputy Lister stated that a New Mexico State Police Officer transported the tow truck driver to Deputy Lister's location and then transported Mr. Valdez and Deputy Romero to the hospital.

10. Deputy Lister stated that since he was now the only officer on scene, the tow truck driver had to drive the suspect vehicle down to his tow truck to be loaded. Deputy Lister stated that prior to allowing the tow truck driver to remove the vehicle, he conducted a tow inventory of the vehicle and located Mr. Valdez's wallet containing his identification and one M116A1 US Military grenade simulator in the center console of the vehicle. Deputy Lister stated that he removed both the wallet and the M116A1 grenade simulator from the vehicle at that time.

11. On December 30, 2015 I contacted ATF Explosive Enforcement Officer (EEO) Danny Waltenbaugh concerning the M116A1 grenade simulator. EEO Waltenbaugh has a combined 24 years' experience in the public safety and military explosives community, including service as a US Military Explosive Ordnance Technician, a civilian bomb technician, and 15 years working as a bomb technician for ATF. Based on his experience, a description of the device, and photographs of the device, EEO Waltenbaugh stated that the device is a US Military M116A1 grenade simulator which contains a small length of commercial time fuse with igniter and a quantity of Photoflash powder explosive manufactured solely for the U.S. Military and would have been entered into the military stock and distribution system. It therefore affects interstate commerce and is considered to be "explosives" as that term is defined in 18 U.S.C. § 841(d).

3

12. On December 21, 2015 I verified Valdez's criminal history through a computerized criminal history query. The results of this query indicated that Valdez has five previous felony convictions in New Mexico to include charges for; attempted distribution of a controlled substance, receiving stolen property, burglary, breaking and entering, receiving or transferring a stolen vehicle, aggravated fleeing a law enforcement officer, and trafficking a controlled substance.

13. Based on the foregoing, there is probable cause to believe that Richard Valdez did violate Title 18 U.S.C. Section 842(i)(1), possession of explosives by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year.

Respectfully submitted,

*[signature]*
Kevin Wolfe
Special Agent
ATF

Subscribed and sworn to before me
on January 5, 2016:

*[signature]*
UNITED STATES MAGISTRATE JUDGE

4